UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>v.<br><br>BRUCE GRIFFITH,<br><br>              Defendant. | 3:09-CV-01197 (CSH) |

**RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**HAIGHT**, Senior District Judge:

**I.     Introduction and Brief Factual Summary**

Plaintiff the United States of America (hereafter "Plaintiff") brought this action against Defendant Bruce Griffith (hereafter "Defendant"), a resident of Weston, Connecticut, in order to reduce to judgment certain unpaid federal tax assignments against Defendant. [Doc. 1].

A brief summary of the allegations contained in Plaintiff's Complaint [Doc. 1], Plaintiff's Motion for Summary Judgment [Doc. 34], and in exhibits attached thereto, including Plaintiff's Memorandum of Law in Support of United States' Motion for Summary Judgment [Doc. 34-7] and the Declaration of Rai Shepardson [Doc. 34-2], is as follows.  The Internal Revenue Service has made assessments against Defendant "for federal income taxes, interest, and penalties according to law" in tax years which include 1989; 1990; 2006; and 2007. [Doc. 34-2] at 2.[1]  Plaintiff has averred that the total amount of federal income tax liabilities owed by Defendant as of May 22, 2012 was

---

[1] The Internal Revenue Service also made assessments against Defendant for federal income tax liabilities for the years 2000 and 2001.  However, Plaintiff has informed the Court that Defendant's liability for those years has been satisfied and consequently there is no amount owed for those years.  *See* [Doc. 34-2] at 2.

$1,656,763.46. *Id.*² In addition, the Internal Revenue Service made assessments against Defendant for the unpaid withheld payroll taxes of three entities: Embassy Elevators, Inc; Embassy Elevator of Pennsylvania, Inc.; and Embassy Elevators Services, Inc. The amounts due by Defendant for these unpaid withheld payroll taxes totaled $1,974,210.53 as of May 22, 2012.³

Plaintiff moved for Summary Judgment on July 9, 2012, seeking the Court's judgment against Defendant for the unpaid amount of the federal income tax assessments made against him for the tax years 1989, 1990, 2006, and 2007, and for the unpaid amount of the assessments made against him pursuant to 26 U.S.C. § 6672 related to the trust fund portion of the payroll taxes of the aforementioned three corporations for whose withheld payroll taxes he was responsible for paying. [Doc. 34-7] at 1.

Defendant throughout the case has been represented by counsel. However, Defendant has not submitted a brief in opposition to Plaintiff's motion for Summary Judgment.

## II.   Summary Judgment

The standards for summary judgment are familiar. When ruling on a summary judgment motion, the court must construe the facts in evidence in the light most favorable to the nonmoving party. It must also resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 252, 255 (1986). Summary judgment is therefore appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256.

---

² This amount is no doubt higher now as statutory interests and additions have continued to accrue. *Id.*

³ This amount, too, is no doubt higher now as statutory interests and additions have continued to accrue. *Id.*

A nonmoving party, such as the Plaintiff in this case, must present affirmative evidence in order to defeat a properly supported motion for summary judgment. When "a motion for summary judgment is properly supported by documentary and testimonial evidence ... the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but rather must present significant probative evidence to establish a genuine issue of material fact." *Marczeski v. Gavitt*, 354 F.Supp. 2d 190, 193 (D. Conn. 2005) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986)). To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. Indeed, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir. 1991).

Should the nonmoving party fail to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, summary judgment against that party is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. at 322. A "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. If the nonmoving party submits evidence that is "merely colorable," summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-50. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48.

In the case at bar, Defendant has not responded to Plaintiff's motion for Summary Judgment. The Second Circuit has repeatedly noted that litigants ought to be on notice from the very publication of Fed. R. Civ. P. 56(e) "that a party faced with a summary judgment motion 'may not rest upon the mere allegations or denials' of the party's pleading and that if the party does not respond properly, 'summary judgment, if appropriate, shall be entered' against him." *Champion v. Artuz*, 76 F.3d 483,

485 (2d Cir. 1996) (quoting *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988)). However, the Court of Appeals has also made clear that the mere "fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Id.* at 486. Indeed, if "the evidence adduced in support of the summary judgment motion does not meet this burden," a court must deny summary judgment "even if no opposing evidentiary matter is presented." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (emphasis in original).[4]

### III.   Discussion

Plaintiff has now moved for Summary Judgment, seeking that judgment be entered on two matters: (1) for the unpaid amount of the federal income tax assessments made against Defendant for the tax years 1989, 1990, 2006, and 2007;[5] and (2) for the unpaid amount of the assessments made against him pursuant to 26 U.S.C. § 6672 related to the trust fund portion of the payroll taxes of three corporations whose withheld payroll taxes Defendant was responsible for paying. [Doc. 34-7] at 1. As previously noted, Defendant has not opposed this Summary Judgment motion.

#### A.   Unpaid Amount of Federal Income Tax Assessments Made Against Defendant

In support of its motion for Summary Judgment on the first of the above-enumerated matters – i.e., that judgment be entered to the federal income tax assessments made against Defendant for certain years – Plaintiff has submitted certified IRS transcripts. An IRS tax assessment certificate constitutes prima facie evidence of a tax debt. *See, e.g., U.S. v. Josephberg*, 562 F.3d 478, 488 (2d

---

[4] While the Second Circuit has made clear that summary judgment should not be entered by default against a *pro se* litigant who has not been given any notice that failure to respond to an opposing party's summary judgment motion will be deemed a default, *see, e.g., Champion v. Artuz*, 76 F.3d at 486; *Rutolo v. IRS*, 28 F.2d 6, 8 (2d Cir. 1994), Defendant in the case at bar has been represented by counsel and therefore need not be accorded such heightened notice.

[5] *See* n.1, *supra*, regarding tax assessments against Defendant for the years 2000 and 2001.

Cir. 2009); *United States v. Silkman*, 156 F.3d 833, 835-36 (8th Cir. 1998); *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981); *United States v. England*, 347 F.2d 425, 430n.10 (7th Cir. 1965); *United States v. Miller*, 318 F.2d 637 (7th Cir. 1963). Accordingly, such an assessment, which is admissible under Fed. R. Evid. 803(8), 902(1) and (4), and 1005, constitutes presumptively correct evidence and therefore satisfies Plaintiff's burden of proof. *See, e.g., United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242-43 (2002); *United States v. Janis*, 428 U.S. 433, 440-41 (1976); *United States v. Lorson Elec. Co., Inc.*, 480 F.2d 554, 555 (2d Cir. 1973).

Indeed, as several federal courts have noted, in a litigation involving an assessment of federal taxes, it is the taxpayer's burden to prove by a preponderance of the evidence that the assessments presented to a Court were erroneous and that, in fact, the taxpayer does not owe the tax that has been claimed by the government. *See Boles Trucking, Inc. v. United States*, 77 F.3d 236, 239 (8th Cir. 1996) ("[T]he Commissioner's determination of tax liability is entitled to a presumption of correctness and ... the burden is on the taxpayer to prove that the determination is erroneous"); *Pittman v. Comm'r*, 100 F.3d 1308, 1313 (7th Cir. 1996); *Fidelity Bank, N.A. v. United States*, 616 F.2d 1181, 1186 (10th Cir. 1980).

Defendant therefore bore the burden of proof on this issue, and Defendant has not submitted a brief opposing Summary Judgment. Given that Plaintiff has presented proof of valid tax assessments, along with the accompanying amount of Defendant's federal income tax liabilities, there is no remaining genuine issue of material fact with respect to Defendant's income tax liabilities.

As discussed *supra*, summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In order for a "genuine" issue of material fact to exist, there must be contradictory evidence "such that a reasonable

jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The United States Supreme Court has made clear that should a nonmoving party fail to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, summary judgment against him is appropriate. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Put another way, a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.

Given the evidence put forth by Plaintiff, the lack of response by Defendant, and the applicable legal standards for Summary Judgment, the Court finds for Summary Judgment in favor of Plaintiff and against Defendant in the amount of $1,656,763.46 for federal income tax assessments for the years 1989, 1990, 2006, and 2007, plus any and all applicable statutory accruals after May 22, 2012.

**B.     The 26 U.S.C. § 6672 Assessments Made against Defendant Should Be Reduced to Judgment**

Under 26 U.S.C. § 6672, an individual who is "required to collect, truthfully account for, and pay over any tax imposed" upon an entity who "willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof shall" in addition to any other applicable legal penalties "be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." 26 U.S.C. § 6672(a). As the Second Circuit has explained, this statute serves as a "vital collection tool that cuts through an employer's organizational structure and allows the IRS to impose liability directly and individually on those persons responsible for the tax delinquency." *Fiataruolo v. United States*, 8 F.3d 930, 938 (2d Cir. 1993). Plaintiff has filed certified transcripts of the relevant 26 U.S.C. § 6672 assessments made against Defendant with the Court. *See* [Doc. 34-2].

According to the Declaration of Martin M. Shoemaker [Doc. 34-5], on December 16, 2011, Plaintiff served Defendant with such requests for admission that he was responsible for the withholding of taxes for Embassy Elevators, Inc. (EIN ending with 0849); Embassy Elevator of Pennsylvania, Inc., and Embassy Elevators, Inc. (EIN ending 3419). Defendant's responses to these requests were due January 17, 2012. Defendant did not respond to these requests for admission by or before such deadline, and has not yet responded. Under Fed. R. Civ. P. 36(a)(3), if a party does not timely respond to requests for admission, a matter is considered admitted. As the Second Circuit noted nearly over half a century ago, it is "well settled that a failure to respond to a request to admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive." *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966).

The Court thus construes Defendant's responsibility for the tax withholding of the three aforementioned entities to be an admitted fact. The Court further notes that the transcripts of the relevant 26 U.S.C. § 6672 assessments against Defendant are "entitled to a presumption of correctness." *Boles Trucking, Inc. v. United States*, 77 F.3d 236, 239 (8th Cir. 1996); *see also, e.g., Pittman v. Commissioner of Internal Revenue*, 100 F.3d 1308, 1313 (7th Cir. 1996); *Fidelity Bank, N.A. v. United States*, 616 F.2d 1181, 1186 (10th Cir. 1980). Accordingly, it is the taxpayer's burden of production and persuasion once the IRS presents evidence of a 26 U.S.C. § 6672 liability. *See, e.g., Boles Trucking, Inc. v. United States*, 77 F.3d at 239; *Pittman v. Commissioner of Internal Revenue*, 100 F.3d at 1313; *Fidelity Bank, N.A. v. United States*, 616 F.2d at 1186; *Ruth v. United States*, 823 F.2d 1091, 1093 (7th Cir. 1987); *United States v. Rem*, 83 F.3d 634, 643 (2d Cir. 1994). Defendant has not filed an opposition to Plaintiff's motion for Summary Judgment; thus, for the same reasons discussed *supra*, Defendant has not met his burden of proof.

The Court finds that there is no genuine issue of material fact regarding the liabilities

assessed against Defendant and that, accordingly, Plaintiff is entitled to summary judgment against Defendant in the amounts of the unpaid 26 U.S.C. § 6672 assessments for each of the three aforementioned entities, $1,974,210.53, plus any statutory additions that have accrued since May 22, 2012.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [Doc. 34] is GRANTED in all respects. Counsel for Plaintiff is directed to file, and serve upon Defendant's counsel, a Proposed Final Judgment consistent with this ruling. If no objection to the form of the Judgment is made on behalf of Defendant within ten (10) calendar days of the date of service, Judgment will enter in the form presented by Plaintiff.

It is SO ORDERED.

Dated: New Haven, Connecticut
March 18, 2013

*/s/ Charles S. Haight, Jr.* _____
Charles S. Haight, Jr.
Senior United States District Judge